IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN DIVISION

| | |
|---|---|
| SEVERO SANCHEZ-DELATORRE,       ) | |
| ) | Civil Action No. 3: 20-cv-0018 |
| Petitioner,       ) | |
| ) | |
| v.       ) | Chief United States Magistrate Judge |
| ) | Cynthia Reed Eddy |
| UNITED STATES OF AMERICA, and       ) | |
| WARDEN, MOSHANNON VALLEY       ) | |
| CORRECTION INSTITUTION,       ) | |
| ) | |
| Respondents.       ) | |

**MEMORANDUM OPINION**[1]

On or about December 2, 2019, Petitioner initiated this case by filing a "Motion for Habeas Corpus Relief For Reinstate of Lost (62) Good Time Credit (GTC) Pursuant to 28 U.S.C. Pursuant 28 U.S.C. § 2241" in the United States District Court for the Middle District of Pennsylvania. (ECF No. 1).[2] Petitioner challenges the calculation of his good time credit, seeking the reinstatement of sixty-two (62) days of good time credit. At the time of his filing, Petitioner was confined at the Moshannon Valley Correctional Center in Philipsburg, Clearfield County, Pennsylvania, which is located in the Western District of Pennsylvania. *See* 28 U.S.C. § 118(c). Accordingly, the case was transferred to this Court on January 31, 2020.

---

[1]     In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to jurisdiction by a United States Magistrate Judge, including entry of final judgment. (ECF Nos. 16 and 19).

[2]     The prisoner mail box rule provides that "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court." Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998). Absent proof of the exact date of delivering the habeas petition to the prison authorities, the Court will treat December 2, 2019, the date Petitioner signed his petition, as the filing date.

On October 9, 2007, Petitioner was sentenced in the United States District Court for the Southern District of Georgia to a 260-month term of imprisonment and five years supervised release for Conspiracy to Distribute and Possession with Intent to Distribute 5 Kilograms or more of Cocaine Hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Assuming he received all good conduct time available to him under 18 U.S.C. § 3624(b), his projected release date was August 15, 2020. And the Federal Bureau of Prisons Inmate Locator reflects that, in fact, Petitioner was released on August 14, 2020. *See* https://www.bop.gov/inmateloc/ (last visited 8/17/2020).

The general principle of mootness derives from Article III, § 2 of the Constitution, under which the exercise of judicial power depends upon the existence of a case or controversy. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). A court's ability to grant effective relief lies at the heart of the mootness doctrine. *County of Morris v. Nationalist Mvmt.*, 273 F.3d 527, 533 (3d Cir. 2001). Thus, "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996). Generally, a petition for habeas corpus relief becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition. *Lane v. Williams*, 455 U.S. 624 (1982). This is because the purpose of a writ of habeas corpus is to challenge the legal authority under which a prisoner is held in custody. *Cf. Heck v. Humphrey*, 512 U.S. 477 (1994); *Allen v. McCurry*, 449 U.S. 90 (1980) (the unique purpose of habeas corpus is to release the applicant for the writ from unlawful confinement); *Wolff v. McDonnell*, 418 U.S. 539 (1974) (basic purpose of the writ is to enable those unlawfully incarcerated to obtain their freedom).

Through the mere passage of time Petitioner has obtained the relief that this Court could have provided to him in habeas. The relief he sought in his petition is no longer of consequence to him - he no longer has the requisite "personal stake" in the outcome of the litigation. *Spencer*, 523 U.S. at 7.  Accordingly, this case will be dismissed as moot.

Certificate of Appealability

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253 (as amended), governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." In *Slack v. McDaniel*, 529 U.S. 473, 474 (2000), the United States Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Applying this standard here, jurists of reason would not find it debatable whether the petition for writ of habeas corpus should be dismissed for failure to state a habeas claim and as moot. Accordingly, a certificate of appealability will be denied.

An appropriate Order will follow.

Dated: August 17, 2020                                         s/ Cynthia Reed Eddy
                                                               Cynthia Reed Eddy
                                                               Chief United States Magistrate Judge

cc:     SEVERO SANCHEZ-DELATORRE
       39204-179
       MOSHANNON VALLEY CORRECTIONAL INSTITUTION
       555 GEO DRIVE
       PHILIPSBURG, PA 16866
       (via U.S. First Class Mail)

       Kezia Taylor
       United States Attorney's Office
       (via CM/ECF electronic transmission)